**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Saul Antonio FLORES-LOPEZ,**
**Defendant-Appellant.**

No. 17-5088

United States Court of Appeals,
Tenth Circuit.

Filed February 16, 2018

(D.C. Nos. 4:17-CV-00383-JHP-MJX and 4:12-CR-00041-JHP-3) (N.D. Oklahoma)

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Leena Alam, Office of the United States Attorney, Northern District of Oklahoma, Tulsa, OK, for Plaintiff-Appellee

Saul Antonio Flores-Lopez, Pro Se

Before MATHESON, KELLY, and MURPHY, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY *

Scott M. Matheson, Jr., Circuit Judge

The district court denied Oklahoma state prisoner Saul Antonio Flores-Lopez's application for habeas relief under 28 U.S.C. § 2255 on the ground that it was untimely under 28 U.S.C. § 2244(d).[1] To appeal that ruling, Mr. Flores-Lopez must obtain a certificate of appealability ("COA") from this court. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). To obtain a COA, he must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *accord Dulworth v. Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007).

Mr. Flores-Lopez does not address timeliness in his brief requesting a COA. Although we liberally construe Mr. Flores-Lopez's filings because he represents himself, we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Without an argument from Mr. Flores-Lopez as to why reasonable jurists

---

1. In light of this court's recent decision in *United States v. Higley*, No. 17-1111 (10th Cir. Sep. 29, 2017), this matter was abated and remanded on a limited basis for the district court to consider whether to issue a COA. The district court denied a COA on February 13, 2018, and we lifted our abatement.

would debate the district court's ruling, we must deny a COA and dismiss this matter.

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.